UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RAYMOND MULRINE, JR., *et al.*, | : | Case No. 3:22-cv-148 |
| Plaintiffs, | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| ACUITY, | : | |
| Defendant. | : | |

# ORDER

This case is before the Court upon Plaintiffs' Motion to Compel (Doc. #30), Defendant's Brief in Opposition (Doc. #46), and Plaintiffs' Reply (Doc. #44). Plaintiffs move the Court to "compel the raw testing used and results thereto from the Defendant and its retained expert, Dr. Christopher Bailey," under Fed. R. Civ. P. 26(a)(2). (Doc. #30, *PageID* #154).

On August 15, 2023, Plaintiff Raymond Mulrine, Jr., ("Mr. Mulrine") underwent a Fed. R. Civ. P. 35 medical examination by Dr. Christopher Bailey, a neuropsychologist retained by Defendant. (Doc. #30, *PageID* #157). Dr. Bailey administered numerous neuropsychological tests and produced a report on September 5, 2023. *Id.* at 157-58. In his report, Dr. Bailey concluded that Mr. Mulrine was malingering and exaggerating his physical symptoms. *Id.* at 158. According to Plaintiffs, although Dr. Bailey's report contains summaries and analysis of some of the data and testing completed, Dr. Bailey did not include the raw testing data and materials in his report. *Id.* at 158. When Plaintiffs asked Defendant for the underlying raw testing data and materials from Dr. Bailey's examination, Defendant's counsel indicated that although he had no objection to Plaintiffs obtaining the raw data, Dr. Bailey was concerned about providing the raw

testing data to Plaintiffs' counsel or Defendant's counsel. *Id.* at 158-59; (Doc. #30-4, *PageID* #231). According to Defendant, Dr. Bailey believes that producing the test items would violate his professional standards and code of ethics and subject him to possible professional discipline. (Doc. #30-5, *PageID* #233). However, Dr. Bailey indicated that he would produce raw test results to a neuropsychologist or psychologist of Plaintiffs' choosing because they are bound by the same professional obligations as him. *Id.* at 233-34. Plaintiffs argue that they are entitled to the raw test data and test materials pursuant to Fed. R. of Civ. P. 26(a)(2) which requires an expert to disclose the facts or data the witness considered in forming their opinion. As noted by Plaintiff, during a teleconference with the parties on March 8, 2024, the undersigned found that the raw test data is relevant. (Doc. #30, *PageID* #159-60). Furthermore, the undersigned entered the parties' stipulated protective order on April 26, 2024. (Doc. #39).

      Defendant asks the Court to deny Plaintiffs' Motion to Compel "[i]n order to preserve Dr. Bailey's ethical obligations as well as protect the integrity of neuropsychological testing[.]" (Doc. #46, *PageID* #350). Defendant explains, "the validity of neuropsychological testing is based in part on the fact that the subjects of the examination do not know what questions they will be asked or what exercises they will be requested to perform." *Id.* at 351. Defendant reiterates that Dr. Bailey is willing to release the raw test results to a fellow neuropsychologist. *Id.*

      Federal Rule of Civil Procedure 26(a)(2)(B) requires witnesses who have been retained to provide expert testimony to provide written reports that must contain "the facts or data considered by the witness" in forming their opinions. Here, Dr. Bailey relied on the test data and materials in forming the opinions in his report. Thus, those materials are subject to disclosure under Rule 26(a)(2)(B). Furthermore, a person examined under the Fed. R. Civ. P. 35(b)(2) is entitled to receive a report of the examination, including "diagnoses, conclusions, and *the results of any*

2

*tests.*" Fed. R. Civ. P. 35(b)(2) (emphasis added).

Although Defendant argues that release of the raw test data and materials would violate Dr. Bailey's ethical obligations, Defendant does not identify any specific ethical obligation that it would violate. Other courts have considered whether disclosure of such data and material would violate a psychologist's obligations under the American Psychological Association's Ethical Principles of Psychologists and Code of Conduct and concluded that "the ethics provisions for neuropsychologists allow for release of test materials and data subject to patient releases and protective orders." *Safar v. Whole Foods Mkt. Grp., Inc.*, No. 18-CV-12515-DLC, 2019 WL 13251176, at *2-3 (D. Mass. Oct. 9, 2019); *Guinn v. Praxair, Inc.*, No. 17-11436, 2019 WL 12096811, at *1 (E.D. Mich. Mar. 21, 2019) ("The APA permits disclosure of test data as required 'by law or court order.'") (citation omitted); *Glennon v. Performance Food Grp., Inc.*, No. 2:20-CV-38, 2021 WL 3130050, at *5 (S.D. Ga. July 23, 2021) ("[T]he APA has shifted its focus from prohibiting non-psychologists' access to raw data to allowing some disclosure of such data if the patient consents. The rules also recognize[] the need to produce information when required by law."). Defendant has not identified any other ethical obligation that disclosure would violate considering the protective order previously entered in this case.

Moreover, the undersigned finds that disclosure subject to the protective order protects the integrity of neuropsychological testing. *See Bain v. Wrend*, No. 5:15-CV-202, 2017 WL 11505976, at *3 (D. Vt. Sept. 6, 2017) (ordering plaintiff to produce a complete copy of psychologist's file, including raw test results, subject to a protective order limiting disclosure); *Wright v. Hobby Lobby Stores, Inc.*, 344 F.R.D. 538, 542 (D. Colo. 2023) ("[T]he the raw test data should be produced subject to the protective order that is already in place …."); *Butt v. Arizona Structural Laminators LLC*, No. CV-21-08208, 2023 WL 1506387, at *7 (D. Ariz. Feb. 3, 2023)

(denying objections to Magistrate Judge's order requiring disclosure of raw data and test materials from neuropsychologist subject to protective order).

The undersigned finds that disclosure of the test data and materials from Dr. Bailey—subject to the protective order previously entered in this case—is appropriate. Accordingly, Plaintiffs' Motion to Compel (Doc. #30) is **GRANTED.** Defendant shall produce the complete test data and materials from Dr. Bailey to Plaintiffs subject to the protective order that is already in place (Doc. #39).

**IT IS SO ORDERED.**

May 22, 2024

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge